IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KAREN ANAYA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-1626-L** |
| | § | |
| **SCHINDLER ELEVATOR** | § | |
| **CORPORATION**, | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On August 19, 2010, Defendant Schindler Elevator Corporation ("Defendant" or "Schindler") removed this action to federal court from the 95th Judicial District Court, Dallas County, Texas, contending that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of costs and interest. The court, for the reasons set forth herein, *sua sponte* **remands** this action to the 95th Judicial District Court, Dallas County, Texas, for lack of subject matter jurisdiction.

## I.    <u>Background</u>

On June 24, 2010, Karen Anaya ("Plaintiff" or "Anaya") filed this action in state court and alleged the following facts in support of her action for negligence against Schindler:

> 4.    On or about December 7, 2009, Plaintiff, a business invitee or ordinary invitee, was at her place of employment[,] Gables Residential, located in the Gables Uptown Tower Building at 3227 McKinney Avenue, Dallas, Dallas County, Texas 75204.

> 5.    At approximately 2:00 p.m. Plaintiff entered the middle elevator (of three) on the 18th floor. After selecting the Level 1, Plaintiff watched as the elevator's doors closed and the elevator started downward, then suddenly and without warning the elevator

descent became rapid and uncontrolled. The elevator then continued downward and Plaintiff was thrown to the right side of the cabin between Floors 5 and 6. The elevator continued descending in a jerking manner, and finally stopped at the resident parking garage level, in between Levels B1 and B2. About fifteen (15) minutes later her co-workers Oscar, Francisco and Renee extracted her from the elevator. A 911 call was made and Plaintiff was taken to Baylor University Medical Center for evaluation and treatment.

6. As a result of this incident, Plaintiff suffered serious and permanent bodily injuries as a direct result of the elevator's uncontrolled rapid descent and uncontrolled stop, which was proximately caused by the negligence of the Defendant.

7. As a result of this incident, Plaintiff suffered significant and permanent injuries to her neck and back that have required extensive medical intervention. Plaintiff has suffered a loss of wages in the past and will continue to suffer a loss of wages and a decrease in her earning capacity in the future. Plaintiff has also incurred substantial medical expenses and has experienced extreme physical pain and suffering, physical disfigurement and tremendous mental and emotional anguish, all of which will continue well into the future, if not for the remainder of Plaintiff's life.

8. Schindler Elevator Corporation is the owner, operator, manager and at all times material was in control of the elevators at the Gables Uptown Tower Building. Therefore, it owed a duty to Plaintiff, as an invitee, to warn and protect her from defective and dangerous conditions, which existed at, on and around the elevators. Additionally, the Defendant had a duty to properly service and maintain the elevator in question to ensure the safety of its occupants, employees, and invitees using said elevator, such as the Plaintiff. Defendant has breached these duties owed to the Plaintiff.

Pl.'s Original Pet. ¶¶ 4-8.

As a result of the incident, Anaya contends that Schindler was negligent in a number of respects and that the alleged acts of negligence and omissions proximately caused her injuries. She seeks damages for past and future medical care and expenses; past and futures loss of earnings and earning capacity; past and future physical pain and suffering; past and future mental anguish; loss

of past wages; and disfigurement. Plaintiff further seeks and contends that she is entitled to exemplary and punitive damages, as the alleged negligent acts and omission involved an "extreme degree of risk" in that Defendant acted with "conscious disregard for the rights, safety and/or welfare of Plaintiff," because "[c]omplaints, injuries and difficulties with the elevators in question had occurred repeatedly prior to this incident, and continue to this date." Pl.'s Original Pet. ¶ 10.

## II.     Standard for Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul*

*Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995).   Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).  In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount."  *St. Paul Reinsurance*, 134 F.3d at 1253.  "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled.  The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]."  *De Aguilar*, 47 F.3d at 1412 (emphasis in original).  The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]."  *Allen*, 63 F.3d at 1336.  As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.  If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."  *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted).  If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court.  If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional threshold.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "The burden

of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."
*St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

III.     **Analysis**

From what the court can ascertain from the face of the pleadings, complete diversity exists between the parties, as Plaintiff is a citizen of Texas, and Schindler is a citizen of Delaware and New Jersey. Accordingly, the court will only address the amount-in-controversy requirement.

Defendant acknowledges that a specific dollar amount is not set forth in Plaintiff's Original Petition (the "Petition"); however, Schindler contends that it is facially apparent that Plaintiff seeks damages in excess of $75,000 because she "clearly seeks an extensive damage award, including allegations [requesting] exemplary damages and punitive damage resulting from alleged personal injuries." Def.'s Notice of Removal 2. The court disagrees.

The question that the court must decide is whether the total claim for damages "is more likely than not" to exceed $75,000. *Allen,* 63 F.3d at 1336. The court cannot say that the amount of damages is likely to exceed $75,000. While Plaintiff seeks actual and exemplary damages for her alleged injuries, she has alleged nothing more than "soft tissue" injuries. Nothing in the Petition states the amount of medical expenses that she had incurred at the time her suit was filed; nothing indicates that she suffered any broken or fractured bones; nothing indicates that she has undergone any surgery for her alleged injuries; and nothing indicates the amount of time she had been off work or the amount of wages she had lost at the time of filing her lawsuit. Nothing has been presented

to the court as a point of reference for it to even make a reasonable inference that the threshold amount has been exceeded. For example, if the pleadings indicated the amount of medicals that Plaintiff had incurred at the time of her suit, this would be a starting point from which the court could make some reasonable inferences about damages. Likewise, if the Petition had stated that Plaintiff had undergone back or neck surgery, the court could make some reasonable inferences and common-sense conclusions, but, as previously stated, this type of information is lacking. It is possible that Plaintiff seeks more than $75,000, but given the paucity of any specific allegations regarding the amount of damages, Defendant has not shown that Plaintiff seeks an amount greater than $75,000. The jurisdictional threshold may not be met by the use of fancy, descriptive buzzwords when there are no underlying allegations to support the amount in controversy, or when the record provides no specific insight as to the amount of damages Plaintiff seeks. If this were the standard, virtually every case in which diversity existed would be removable to federal court. At this juncture, a finding that the jurisdictional amount has been met would be sheer speculation and require the court to wade into a briar patch of guesswork. What Defendant put before the court by way of conclusory statements and improper inferences is simply too slender of a reed to establish that the amount in controversy exceeds $75,000.

## IV.  Conclusion

For the reasons herein stated, Defendant has failed to meet its burden and establish that the amount in controversy exceeds $75,000. Accordingly, the court **lacks** subject matter jurisdiction to hear this action and **remands** it to the 95th Judicial District Court, Dallas County, Texas. The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 27th day of August, 2010.

Sam A. Lindsay
United States District Judge